IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tron Manuel Littlejohn,  )<br>  )<br>             Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Jon Ozmint; Dennis Patterson; Jimmy  )<br>Sligh, Jr., Cecilia R. Reynolds; Emilie  )<br>Locklear; Helen McCray; Daniel Debios;  )<br>Craig Sumner; Annie Mae Sellers;  )<br>Jerome Armstrong; Pamela Hough; Jerry  )<br>Washington; LuAnne Mungo, Darren  )<br>Seward; Jeanne McKay; Ulyesses  )<br>Buxton, Anthony Dowling; and  )<br>Bernadette Jefferson,  )<br>  )<br>             Defendants.  )<br>_____)  | C/A No.: 1:10-2332-TLW-SVH<br><br><br><br>ORDER |

Plaintiff, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Allendale Correctional Institution. Before the court are Plaintiff's Motions to Change Venue [Entry #17, #46]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

Although Plaintiff's motions are entitled and docketed as requests for change of venue from the Florence Division, the motions are not related to venue, as the true division for trial in this matter is the Rock Hill Division. Plaintiff's motions actually request disqualification of the judges in this matter, as he claims that the Honorable Terry

L. Wooten and the undersigned[1] have conflicts of interest in this case. Plaintiff's first motion provides no factual allegations for the alleged conflicts of interest. [Entry #17]. However, Plaintiff's second motion states: "[T]he current presiding Honorable Shiva V. Hodges has a possible 'conflict of interest' regarding prior disposition of [a] similar civil action." [Entry #46]. He further alleges he will also suffer bias or prejudice if Judge Wooten presides over his case due to his work on Plaintiff's other similar cases.[2] *Id*. at 1–2. Plaintiff notes that the conflict of interest will be resolved if his petition is granted. *Id*.

    The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (citations and quotations omitted); *see also* Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). The United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In

---

[1] Both Judge Wooten and the undersigned are stationed in the Florence Division of the District of South Carolina, which appears to be where Plaintiff's confusion as to the venue lies. Additionally, Plaintiff alleges that the Honorable Thomas E. Rogers III, who is stationed in the Florence Division, but who is not assigned to this case, also has a conflict of interest.

[2] Plaintiff provides no detail regarding his similar cases, such as a case number or any specific allegation of bias.

2

applying the extrajudicial source doctrine, the Supreme Court has held that:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted).

Here, Plaintiff claims "a conflict of interest" based solely upon the handling of Plaintiff's "similar civil actions." Plaintiff has pointed to nothing in the record or elsewhere that raises even the appearance of impartiality, much less actual bias or prejudice. To the contrary, Plaintiff's only justification for requesting reassignment of judges is involvement in Plaintiff's other cases. Plaintiff's disagreement with a prior recommendation or ruling of the undersigned or Judge Wooten is not a valid basis for recusal. *See Liteky* 510 U.S. at 555. Therefore, Plaintiff's motions must be denied.

IT IS SO ORDERED.

July 26, 2011                                           Shiva V. Hodges
Florence, South Carolina                                United States Magistrate Judge