IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tron Manuel Littlejohn, | C/A No.: 1:10-2332-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Jon Ozmint; Dennis Patterson; Jimmy Sligh, Jr., Cecilia R. Reynolds; Emilie Locklear; Helen McCray; Daniel Debios; Craig Sumner; Annie Mae Sellers; Jerome Armstrong; Pamela Hough; Jerry Washington; LuAnne Mungo, Darren Seward; Jeanne McKay; Ulyesses Buxton, Anthony Dowling; and Bernadette Jefferson, | |
| Defendants. | |

Plaintiff, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Allendale Correctional Institution. Before the court are the following motions: (1) Defendants' Motion to Dismiss [Entry #41]; (2) Plaintiff's Motion to Compel [Entry #53]; and (3) Defendants' Motion for Summary Judgment [Entry #58]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion to dismiss is dispositive, this Report and Recommendation is entered for review by the district judge.

I.     Factual and Procedural Background

In his complaint filed September 8, 2010, Plaintiff alleges he was erroneously charged with disciplinary infractions from South Carolina Department of Corrections

("SCDC") staff. In his request for relief, Plaintiff requests the charges be removed from his record, all sanctions be reversed, and his good time credits be reinstated, as well as an award of monetary damages. [Entry #1 at 6].[1] Additionally, Plaintiff claims that being required to wear a pink jumpsuit, one of the sanctions imposed, is discriminatory and constitutes cruel and unusual punishment. Finally, Plaintiff claims that he has been defamed by at least some of the defendants.

On December 21, 2010, Defendants filed a motion to dismiss. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' Motion. [Entry #43]. Plaintiff filed a response on January 26, 2011. [Entry #50]. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' Motion to Dismiss be granted.

II.     Discussion

   A.     Standard of Review

When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain

---

[1] Although Plaintiff's complaint states that he is requesting the court to "order SCDC to reinstate all imposed in-house sanctions . . .," the court liberally construes Plaintiff's complaint as a request for reversal of sanctions and reinstatement of good-time credits.

2

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

    B.    Defendants' Motion to Dismiss

        1.    Application of *Heck v. Humphrey*

Defendants argue Plaintiff's complaint should be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The undersigned agrees with Defendants that *Heck* bars recovery by Plaintiff in this action.

In *Heck*, the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must ordinarily prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

3

make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–487. Although *Heck* involved a conviction in a court of law, the holding in *Heck* is equally applicable to cases that implicate the validity of an internal prison disciplinary conviction and sanction. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to claim challenging a disciplinary proceeding); *see also Stone-Bey v. Barnes*, 120 F.3d 718, 721 (7th Cir. 1997) ("The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the Plaintiff's Section 1983 claim necessarily would imply the invalidity of that finding, then *Heck* bars the claim until such time as its requirements are satisfied").

Plaintiff has not alleged that his disciplinary conviction has been overturned. On the contrary, Plaintiff seeks reversal of his disciplinary conviction and restoration of his good time credits in this action. Because he has failed to show that his disciplinary conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff's claim for monetary damages under § 1983 must fail. Additionally, his request for reversal of his discplinary conviction and restoration of his good time credits is available only through filing a writ of habeas corpus. Therefore, the undersigned recommends Defendants' motion to dismiss be granted based on *Heck*.

2. Pink Jumpsuit

The last sentence of Plaintiff's complaint alleges the requirement of wearing the pink jumpsuit "poses discrimination and cruel and unusual punishment." [Entry #1]. However, even liberally construed, Plaintiff does not state any facts supporting a claim of an Eighth Amendment or other constitutional violation. Moreover, it appears that courts in this district have rejected certain constitutional challenges to the SCDC pink jumpsuit policy. *See Williams v. Ozmint*, 726 F.Supp.2d 589, 593 (D.S.C. 2010) (rejecting a cruel and unusual punishment challenge where the plaintiff had not shown pink jumpsuit created an imminent and substantial risk of serious harm); *Govan v. Singleton*, C/A No. 8:07-3789-MBS-BHH, 2009 WL 799649 at *3 (D.S.C. March 24, 2009) (rejecting an equal protection challenge); *Simmons v. Ozmint*, C/A No. 6:08-860-RBH-WMC, 2009 WL 2843310 at *5–8 (D.S.C. Aug.31, 2009) (rejecting a cruel and unusual punishment claim under the deliberate indifference standard and the plaintiff's alleged injury was verbal harassment).

3. State-law Claims

Having found that Plaintiff's constitutional claims should be dismissed, it is recommended that the court decline to exercise supplemental jurisdiction over any state-law claims for relief, such as defamation. *See* 28 U.S.C. § 1367(c).

III.     Conclusion

Based on the foregoing reasons, it is recommended that Defendants' Motion to Dismiss [Entry #41] be granted. If the district judge accepts this recommendation, the remaining motions will be rendered moot.

IT IS SO RECOMMENDED.

*[signature]*

July 26, 2011                                                    Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**